IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DEMITRI A. ADARMES,                          )
                                             )          8:01CV11
                    Plaintiff,               )
                                             )
            vs.                              )
                                             )
WILLIAM S. COHEN, as Secretary of           )      **MEMORANDUM AND ORDER**
Defense of the United States; the           )
DEPARTMENT OF DEFENSE; F. WHITTEN           )
PETERS, as Secretary of the United          )
States Air Force; and the UNITED STATES     )
AIR FORCE,                                   )
                                             )
                    Defendants.              )

       This matter is before the court on plaintiff's motion to reopen this case, Filing No.

17. Also before the court is plaintiff's motion for leave to file an amended complaint.  Filing

No. 19. On or about January 15, 2001, plaintiff filed an action against the defendants.

Filing No. 1.  Plaintiff alleged that he attended medical school at Air Force expense until

his fourth year when he no longer qualified due to asthma.   The Air Force requested

recoupment expenses and plaintiff challenged the request for recoupment.  Thereafter, this

court reviewed the complaint and determined plaintiff had not pursued his administrative

remedies and dismissed the case.  Filing No. 16.  Plaintiff then filed his claims with the

Department of Defense and Air Force who ultimately denied his claims in 2004.  Plaintiff

has apparently not pursued an action since that time.  Plaintiff now asks this court to

reopen this case and allow the case to proceed.  Defendants have filed an opposition

contending that plaintiff has offered no support for his position that he can reopen the case.

       The court must decide whether to reopen this case or require plaintiff to file a new

case if he wants to so proceed.  Under Fed. R. Civ. P. 60(b), plaintiff must meet one of the

criteria, including fraud, mistake, and newly discovered evidence, or any other reason that justifies relief, for this court to reopen the case. *See* Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). The plaintiff does not contend that he meets any of the criteria set forth in Rule 60(b), and the court has examined Rule 60(b) and finds no basis for reopening the case. Likewise, Fed. R. Civ. P. 60(d) provides for some ways for a party to find relief from a judgment or order. However, again, the plaintiff does not contend nor can the court find any reason why any of these provisions should apply. The court in addition finds no other reason why it should provide this relief to the plaintiff. The court dismissed the case without prejudice on January 4, 2002. Filing No. 16. The plaintiff filed this case seven years ago, failed to exhaust his administrative remedies, went back and exhausted his administrative remedies, and then apparently waited an five additional years to ask this court to reopen the case. The plaintiff points out no good reason for his delay. Accordingly, the court will deny the motion to reopen the case.

THEREFORE, IT IS ORDERED:

1. That plaintiff's motion to reopen this case, Filing No. 17, is denied.

2. That plaintiff's motion to file an amended complaint, Filing No. 19, is denied as moot.

Dated this 8th day of September, 2009.

BY THE COURT:


s/ Joseph F. Bataillon
Chief District Judge